IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEBORAH MANEY,                          )
                                        )
        Plaintiff,                      )
                                        )   No. 3:24-cv-01141
v.                                      )
                                        )   JUDGE RICHARDSON
METRO BUS TRANSIT CENTER "WE            )   MAGISTRATE JUDGE NEWBERN
GO",                                    )
                                        )
        Defendant.                      )

## MEMORANDUM OPINION AND ORDER

Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed pro se an action against Metro Bus Transit Center "We Go." (Doc. No. 1).

### I. FILING FEE

Plaintiff submitted an Application for Leave to Proceed in Forma Pauperis ("IFP Application"). (Doc. No. 2). According to Plaintiff's IFP Application, her monthly income totals $923 from Supplemental Social Security payments; she has no assets of any kind; her monthly expenses total over $1200; and she does not expect any major changes to her monthly income or expenses in the next 12 months. (*Id.*) Plaintiff did not provide a residential address. It appears that Plaintiff may be unhoused.[1]

Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk

---

[1] True, Plaintiff lists $200-$300 in monthly "home maintenance" expenses. (Doc. No. 2 at 4). However, in many of the other IFP Applications Plaintiff filed in this Court in 2024, Plaintiff did not list any such expenses. In at least one case, 3:24-cv-1142, there is an internal docket notation stating that "Ms. Maney is homeless. She said she would come in once a week to check status of case and pick up Orders."

therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

## II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v.*

*Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Nor are they "required to create" a pro se litigant's claim for him or her. *Payne v. Secretary of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003). And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

### III. ALLEGED FACTS

As best the Court can discern,[2] the complaint alleges several injurious actions supposedly carried out by unnamed bus drivers, bus owner, janitors, and other riders of the Metro transit bus on the route from Gallatin, Tennessee to Nashville, Tennessee. (Doc. No. 1 at 4). Rather than writing a complete and coherent narrative of the alleged facts of her case, Plaintiff lists words and phrases such as "abandoned," "rejected," "mentally tormented," "injury," "tortured," "selling my personal business out," and "body double of me" (*id.* at 3) as well as "Earth tunnels atmosphere" and "thought process" (*id*. at 4) and "angry gays, lesbians, bitcoins" (*id*. at 5). As relief, Plaintiff lists as follows: "punitive, emotional, intellectual, religious damages, hate crimes, people interfering in my business." (*Id*.)

### IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's complaint does not satisfy Federal Rule of Civil Procedure Rule 8 and cannot survive screening under Section 1915(e)(2). While a complaint need not contain "magic words," it must contain factual allegations and make plausible the claim for relief; Plaintiff's complaint does not. Moreover, "[t]his Court is not 'required to create [Plaintiff]'s claims for [her],' because '[t]o do so would requir[e the] courts to explore exhaustively all potential claims of a pro se

---

[2] Plaintiff's handwritten complaints are so skeletal and nonsensical that it is difficult to distill her statements into coherent narratives and causes of action.

plaintiff and would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Bell v. Tennessee*, No. 1:11-cv-14, 2012 WL 996560, at *9 (E.D. Tenn. Mar. 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000) (bracket in original)).

Plaintiff does not connect the words and phrases she lists to the named defendant, other than suggesting that the bus audio may have been used. Plaintiff's lists of words and phrases are insufficient to state a federal claim upon which relief can be granted. Moreover, allegations set forth in the complaint of body doubles and Earth tunnels—to the extent that Court understands them—are frivolous and/or delusional.

## V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint is subject to dismissal as frivolous under 28 U.S.C. 1915(e). Additionally, the complaint fails to state a federal claim, as required by Federal Rule of Civil Procedure 8, upon which relief can be granted. Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because any appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE